FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ AUG 08 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

EBONY THOMPSON

Plaintiff,

CV11-3819

COMPLAINT

-against-

MAUSKOPF, J.

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, JEFFREY HAFFENDEN, KATZ,
and JESSICA VARNEY

Defendants.

Civil Action No.

GOLD, M.J.

-----------------------------------------------------------------X

Plaintiff, Ebony Thompson, by and through his counsel, Tracey A. Grant, Esq. alleges the following facts and causes of action against the above-captioned Defendants:

### PARTIES

1. Plaintiff Ebony Thompson (also referred to as "Mr. Thompson" throughout this complaint") is a natural person, who, at all times mentioned herein, resided in Kings County, New York.

2. At all times mentioned herein, Defendant City of New York (also referred to as "CITY" throughout this complaint) was a municipal agency organized and existing under and by virtue of the laws of the State of New York.

3. At all times mentioned herein, Defendant New York City Police Department (also

referred to as "NYPD" throughout this complaint) was a municipal agency organized and existing under and by virtue of the laws of the State of New York.

4. At all times mentioned herein, Defendant Jeffrey Haffenden ("Haffenden") was an employee of the NYPD and the CITY. Specifically, upon information and belief, the NYPD employed Haffenden as a Police Detective with the Special Victims Unit within Kings County, New York. At all times mentioned herein, Haffenden was acting within the course and scope of his employment.

5. At all times mentioned herein, Defendant Katz ("Katz") was an employee of the NYPD and the CITY. Specifically, upon information and belief, the NYPD employed Katz as a Police Detective at the 69th Precinct within Kings County, New York. At all times mentioned herein, Katz was acting within the course and scope of her employment.

6. Defendant Jessica Varney ("Varney") is a natural person, who at all times mentioned herein, resided in Queens County, New York.

## JURISDICTION AND VENUE

7. This case involves a federal question.

8. As a result, this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 1367, as well as 42 U.S.C. §§ 1983 and 1985.

9. This Court is the proper venue for this action because Plaintiff resides in this District.

## FACTS

10. In 2005, Mr. Thompson was the owner and landlord of a property located at 9020

Flatlands Avenue, Brooklyn, New York and Defendant Varney was a tenant at said property.

11. In November 2005 Plaintiff evicted Defendant Varney from the above premises for nonpayment of rent.

12. In December 2005 Varney appeared at Mr. Thompson's property located at 9020 Flatlands Avenue, Brooklyn, New York, stating in sum and substance "do you want me to come inside to talk", during which Mr. Thompson declined.

13. In 2005, prior to evicting Defendant Varney for non-payment of rent, Mr. Thompson was contacted via telephone by a female, who identified herself as Defendant Varney's psycho-therapist. The therapist was attempting to contact Defendant Varney and was given Mr. Thompson's number as an emergency contact. Mr. Thompson was informed by the therapist that Defendant Varney was in need of treatment. Mr. Thompson left a written note outside of Defendant Varney's apartment regarding the psychotherapist's message.

14. In June 2008, Mr. Thompson was informed by his wife that two (2) New York City Police Detectives, one being defendant Haffenden stopped by his wife's place of employment looking for Mr. Thompson, leaving a contact number and stating in sum and substance "don't worry he's not in any trouble".

15. Mr. Thompson assumed that the detective Haffenden was investigating a robbery that occurred at a McDonalds, where Plaintiff was the director of operations for nine (9) McDonald franchises.

16. Mr. Thompson thereafter called the contact number, but his call was not returned by the detectives.

17. Approximately two (2) weeks later defendant Haffenden again appeared at Mr. Thompson's wife's place of employment, during which Defendant Haffenden threatened

to show up at Mr. Thompson's place of employment if Mr. Thompson did not contact him.

18. Mr. Thompson immediately contacted a lawyer to inquire as to why defendant Haffenden was harassing he and his wife.

19. Mr. Thompson was informed by said lawyer that Defendnat Varney was alleging that on or between April 1, 2006 and April 4, 2006, Mr. Thompson raped her inside of her apartment located at 9020 Flatlands Avenue, Brooklyn New York.

20. Mr. Thompson vehemently denied all allegations and voluntarily surrendered on on or about August 8, 2008.

21. The Kings County District Attorney's Office did charge Mr. Thompson by way of a criminal court complaint, dated August 8, 2008, with one count of Rape in the First Degree under P.L. Sec. 130.35(1); Criminal Sexual Act in the First Degree under P.L. Sec. 130.50(1); Sexual Abuse in the First Degree under P.L. Sec. 130.65(1); Sexual Misconduct under P.L. Sec. 130.20(1) and Sexual Misconduct under P.L. Sec. 130.20(2) based upon this false arrest. Defendant Varney signed an affidavit, under oath, corroborating this Complaint while she knew the allegations against Thompson were false. As a proximate result of Mr. Thompson's false arrest, false imprisonment and malicious prosecution, Mr. Thompson was wrongfully forced to endure the emotional, psychological and financial distress of defending himself in that case and being accused of a crime he did not commit. Mr. Thompson was indicted based upon fabricated evidence testified to by the Defendant Varney and the false testimony of Defendant Haffenden and Katz. On March 4, 2010, the Kings County District Attorney's Office dismissed the case in the entirety based upon the prosecution's oral motion.

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATION OF MR. THOMPSON'S CIVIL RIGHTS

### (Liability of Defendant CITY and NYPD Civil rights violations pursuant to 42 U.S.C. sec. 1983))

22. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 Throughout 21 of this Complaint.

23. The CITY and NYPD have had a number of customs and practices which caused and/or contributed to this false arrest, imprisonment, malicious prosecution and negligence.

24. First, agents, servants and/or employees of the CITY and NYPD routinely fail to conduct a reasonable investigation before making an arrest and/or causing a criminal prosecution to be commenced against an arrestee. In accordance with that custom and practice. Defendants CITY and NYPD, as well as their agents, servants, and/or employees including but not limited to Defendants Heffenden and Katz, failed to investigator Defendant Varney's credibility, interview any third party witnesses and even refused to give Plaintiff an opportunity to explain himself before causing him to be arrested and criminally prosecuted.

25. Second, agents, servants and/or employees of the CITY and the NYPD routinely arrest suspects and cause them to be prosecuted without probable cause. In accordance with that custom and practice, Defendants CITY and NYPD as well as their agents, servants and/or employees including but not limited to Defendants Haffenden and Katz arrested Plaintiff and caused him to be prosecuted without probable cause.

26. Third, the Defendant CITY and NYPD have failed to train its agents, servants, and/or employees to properly understand the meaning of probable cause. This failure has been and continues to be, a proximate cause of Defendant CITY and NYPD,

as well as their agents, servants and/or employees, routinely relying upon the word of one person to support probable cause for an arrest and a criminal prosecution wit investigating the truth of that person's allegations or speaking to other witnesses. Such was the case here as Defendants CITY and NYPD as well as their agents, servants and/or employees, including but not limited to Defendants Heffenden and Katz, relied solely upon the word of Defendant Varney to support probable cause for Plaintiff arrest and criminal prosecution without investigating the truth of Defendant Varney's allegations or speaking to other witnesses.

27. Fourth, the Defendants CITY and NYPD has sanctioned the customs and practices heretofore described through its deliberate indifference to the effect of such customs and practices upon the constitutional rights of Plaintiff and others similarly situated.

28. As a result of these injuries, Plaintiff has been damaged in the sum of $1,000,000.

29. In light of the egregious nature of these Defendants' wrongful conduct, Plaintiff also seeks punitive damages for this cause of action in the sum of $1,000,000.

30. Plaintiff will also be seeking attorneys' fees based upon this cause of action.

## AS AND FOR A SECOND CAUSE OF ACTION

## VIOLATION OF MR. THOMPSON'S CIVIL RIGHTS

### (False Arrest and Imprisonment against Defendants CITY, NYPD, Haffenden, Katz and Varney)

31. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 throughout 30 of this Complaint.

32. Defendants Haffenden and Katz lacked probable cause to arrest and imprison the Plaintiff.

33. As set forth above, Defendant Varney proximately caused this false arrest because she knowingly filed a false complaint against the Plaintiff with the NYPD.

34. This wrongful conduct was done in violation of Plaintiff's constitutional rights.

35. This wrongful conduct was done within the course and scope of these individual Defendants' employment.

36. As set forth above in paragraphs 23 throughout 35 above, CITY and NYPD have maintained a number of customs and practices which caused and/or contributed to this false arrest and imprisonment.

37. As set forth above, such conduct was performed under the color of state law.

38. As a result of their conduct Defendants CITY, NYPD, Haffenden and Katz violated Plaintiff's civil rights and are liable pursuant to 42 U.S.C. Sec. 1983.

39. As a result of these injuries, Plaintiff has been damaged in the sum of $1,000,000.

40. Plaintiff will also be seeking attorneys' fees based upon this cause of action.

## AS AND FOR A THIRD CAUSE OF ACTION

## VIOLATION OF MR. THOMPSON'S CIVIL RIGHTS

### (Malicious Prosecution against Defendants CITY, NYPD, Haffenden, Katz and Varney)

41. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 throughout 40 of this Complaint.

42. As set forth above, Defendants City of New York and NYPD as well as their agents, servants and/or employees, including but not limited to, Defendants Haffenden and Katz caused a criminal prosecution to be commenced against the Plaintiff under the color of state law.

43. As set forth above, that prosecution ended in the Plaintiff's favor as the matter

against him was dismissed and sealed upon the motion of the Kings County District Attorney's Office.

44. As set forth above, that prosecution of the Plaintiff was without probable cause and with malice.

45. As set forth above, Defendant Varney proximately caused this illegal and malicious prosecution because she knowingly filed a false complaint against the Plaintiff with the NYPD and then continued to endorse and verify the supposed truth that false complaint with Kings County District Attorney's Office.

46. As set forth above, Defendants CITY, NYPD, Haffenden and Katz as well as their agents, servants and/or employees, when they knew or should have known that Plaintiff had not committed any crime.

47. This wrongful conduct was within the course and scope of Defendants Haffenden and Katz's employment.

48. As set forth above, this wrongful conduct was the proximate result of the customs and practices of the Defendants CITY and NYPD described in paragraphs 23-47 above.

49. As set forth above, this criminal prosecution against the Plaintiff was the proximate cause of him being deprived of his rights to freedom and liberty under the Fourth Amendment.

50. As a proximate result of the conduct set forth herein, Defendants CITY and NYPD

as well as their agents, servants and/or employees, including but not limited to

Defendants Haffenden and Katz, violated Plaintiff's civil rights and are liable to 42 U.S.C. Sec. 1983.

51. These violations were the proximate cause of Plaintiff's emotional injuries and financial costs set forth above.

52. As a result of these injuries, Plaintiff has been damaged in the sum of $1,000,000.

53. In light of the egregious nature of these individual Defendants' wrongful conduct and these municipal Defendants' deficient policies and customs which contribute to that conduct, Plaintiff also seeks punitive damages for this cause of action in the sum of $1,000,000.

54. Plaintiff will also be seeking attorneys' fees based upon this cause of action.

## JURY DEMAND

Plaintiff demands a trial by jury.

## CONCLUSION

**WHEREFORE**, Plaintiff Ebony Thompson, demands judgment against the above captioned Defendants in the sum of $5,000,000., together with the costs and disbursements of this action, including attorneys' fee.

Dated: Brooklyn, New York
August 6, 2011

Tracey A. Grant, Esq.
26 Court Street-Suite 714
Brooklyn, New York 11242
(718) 858-3000